Jonathan A. Dessaules, Arizona Bar No. 019439
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marik Jakobov and Svetlana Suleymanov, <br><br> Plaintiffs, <br><br> vs. <br><br> Lisa Borowsky and Scottsdale Law Group, P.C., <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiffs Marik Jakobov and Svetlana Suleymanov allege the following:

**PARTIES AND JURISDICTION**

1. Plaintiffs are Arizona citizens and residents.

2. Defendant Lisa Borowsky is an Arizona citizen and resident.

3. Defendant Scottsdale Law Group, P.C. is a professional corporation incorporated in Arizona and with its principal place of business in Arizona.

4. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

5. Defendants are present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, which are the subject of this Complaint.

6. Venue is proper in this Court.

**GENERAL ALLEGATIONS**

7. Defendants, an Arizona lawyer and her law firm, represented Crystal Terrace Homeowners Association ("Crystal Terrace") is a planned community subject to Arizona's Planned Community Act, A.R.S. § 33-1801, *et seq.*, in connection with the collection of alleged debts Crystal Terrace members purportedly owed to Crystal Terrace.

8. At all times relevant hereto, Plaintiff Jakobov owns or has owned property located within Crystal Terrace. These include the property located at 522 West Muriel Drive, Phoenix, Arizona 85023 (the "Muriel Property"), which he sold in 2014, and the property located at 508 W. Saint John Road, Phoenix, Arizona 85023 (the "Saint John Property") that he acquired in or about February 2022 following a sheriff's sale.

9. Defendants were regularly engaged as a "debt collector," as defined in the FDCPA, and the alleged debts they were attempting to collect on behalf of Crystal Terrace constitute "debts" within the meaning of the FDCPA. The alleged debts include, but are not limited to, unpaid assessments, fines, late fees, and unawarded attorneys' fees.

10. This action arises out of Defendants' collection actions taken against Plaintiffs.

**COUNT ONE**
**VIOLATION OF 15 U.S.C. § 1692g**

11. Plaintiffs incorporate the above allegations as if set forth fully herein.

12. In 2022, Defendants sent one or more collection communications to Plaintiffs.

13. On April 25, 2022, Defendants sent an email to Plaintiffs. A true and correct copy of the April 25 email is attached as Exhibit 1.

14. On April 26, 2022, Defendants sent an email to Plaintiffs. A true and correct copy of the April 26 email is attached as Exhibit 2.

15. On April 27, 2022, Defendants sent an email to Plaintiffs. A true and correct copy of the April 27 email is attached as Exhibit 3.

16. On May 12, 2022, Defendants sent an email to Plaintiffs. A true and correct copy of the May 12 email is attached as Exhibit 4.

17. The April 25, 26, 27, and May 12 emails included the following "Disclaimer":

> Disclaimer: This is an attempt to collect a debt and any information obtained will be used for this purpose. If you dispute that owe the debt described herein, send a letter stating your belief that you do not owe the money and why. Include copies of receipts, canceled checks, or other documentation with your letter. Send this letter within thirty (30) days of the date you receive this written notice but in no event later than thirty-five (35) days after the date of this letter.

18. On May 14, 2022, Defendants sent an email to Plaintiffs that also included the above Disclaimer. A true and correct copy of the May 14 email is attached as Exhibit 5.

19. The Disclaimer is placed in an obscure location in Defendants' emails, below the signature line and otherwise part of a boilerplate notice about the email being "protected from disclosure by law as privileged or confidential."

20. The FDCPA imposes an obligation on debt collectors, including Defendants, to validate the alleged debt and provide certain information concerning a consumer's legal rights. 15 U.S.C. § 1692g.

21. The legal rights afforded a consumer under the FDCPA include the right to dispute the validity of the debt and, consistent with that right, must notify the consumer of his right to dispute the validity of the debt and, if disputed, obtain verification of the debt. 15 U.S.C. § 1692g(a)(3) and (4).

22. Section 1692g contains no other requirements or conditions for disputing a debt.

23. The Disclaimer purports to impose additional requirements for disputing a debt beyond those set forth in the statute that effectively contradict or overshadow Plaintiffs' rights under the FDPCA. Specifically, but without limitation, the Disclaimer requires a consumer who disputes the debt to "send a letter stating your belief that you do not owe the money and why. Include copies of receipts, canceled checks, or other documentation with your letter."

24. The Disclaimer does not include the language required in 15 U.S.C. § 1692g(a)(3) or (4). It does not state that, "unless the consumer, within thirty days after the receipt of the notice,

3

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Nor does it state that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

25. The Disclaimer's language and its position in the email purports to shift the burden of validating the debt onto a consumer who disputes the debt to disprove the validity of the debt and, as such, contradicts or overshadows the validation notice.

26. The least sophisticated consumer reading the Disclaimer reasonable could conclude she or he must explain why she or he does not owe the debt and must include copies of receipts, canceled checks, or other documentation with your letter. This has the effect of discouraging the least sophisticated of consumers and others from disputing debts if they do not possess such documentation such as receipts, canceled checks, or other documentation. Where, as here, some or all of the debt being demanded includes debts owed by an unrelated consumer, it would be impossible for a consumer to dispute the debt in the manner required in the Disclaimer.

27. The language of the Disclaimer, at a minimum, is confusing and likely to confuse the least sophisticated consumer concerning what her or his legal rights are to dispute the debts and the process that must be followed to do so.

28. Defendants' communications to Plaintiffs that included the Disclaimer overshadowed and were inconsistent with Defendants' obligation to disclose their right to dispute the debt or request the name and address of the original creditor.

29. Defendants' actions, as alleged herein, violate the FDCPA.

30. Plaintiffs are entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as their attorneys' fees and costs incurred pursuing this action.

31. Plaintiffs' damages include statutory damages, attorneys' fees and costs, damages for the stress, aggravation and anxiety, and other damages to which they are entitled by law.

**COUNT TWO**
**VIOLATION OF 15 U.S.C. § 1692e**

32. Plaintiffs incorporate the above allegations as if set forth fully herein.

33. Congress enacted the FDCPA after a congressional finding of abundant evidence of the use of abusive, deceptive, and unfair debt collection practices on the part of many debt collectors contributed to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of personal privacy. The FDCPA generally prohibits a debt collector from using misleading, deceptive, or false representations in the collection of debts. It further prohibits the use of unfair or unconscionable means to collect debts, including the attempt to collect debts to which the debt collector is not legally entitled to collect.

34. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt. These false, deceptive, and misleading misrepresentations and means include, but are not limited to, false representations regarding the character, amount, or legal status of any debt and any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

35. Defendants' April 25 email was false, deceptive, and misleading in violation of 15 U.S.C. § 1692e. Specifically, but without limitation, the April 25 email included multiple late fees for each assessment in violation of A.R.S. § 33-1803, which limits late charges "to the greater of fifteen dollars or ten percent of the amount of the unpaid assessment." The April 25 email also falsely represented that the "current assessment lien balance is $7974.80" when more than half of that amount consists of unawarded attorneys' fees incurred relating to the prior owner and also excessive late charges in violation of A.R.S. § 33-1803 and unawarded attorneys' fees.

36. Defendants' April 27 email was false, deceptive, and misleading in violation of 15 U.S.C. § 1692e. Specifically, but without limitation, the April 25 email represented "significant fines and penalties which accumulated as a result of the prior owner's CC&R violations, beyond

5

unpaid assessments." However, Arizona law and Crystal Terrace's governing documents do not allow Crystal Terrace to collect unpaid fines and penalties of prior owners from new owners.

37. Defendants' May 14 email was false, deceptive, and misleading in violation of 15 U.S.C. § 1692e. Specifically, but without limitation, Defendants have falsely represented the existence, character, and amount of a debt in their May 14, 2022, email to Plaintiffs in which they state that the "**TOTAL AMOUNT DUE FOR FINES AND DELINQUENCIES**" was "**$15,592.65.**"

38. The "**TOTAL AMOUNT DUE**" included $7,195 in fines allegedly owed by prior owners of the Saint John Property. However, fines are the sole responsibility of the owner and do not run with the land or become the responsibility of a new owner.

39. The "**TOTAL AMOUNT DUE**" also included "Summary Legal Fees for Collection" of $5,345. These fees appear to relate to alleged CC&R violations, were never adjudicated or awarded by a court, and, like the $7,195 in fines against the prior owner, were imposed with respect to the Saint John Property prior to Plaintiffs' acquisition of the that property.

40. The "**TOTAL AMOUNT DUE**" also included amounts related to the Muriel Property even though Plaintiff Jabokov sold that property in 2014.

41. The least sophisticated consumer reading Defendants' May 14 email reasonably would incorrectly conclude that they, as new owners, become responsible for fines and unawarded attorneys' fees relating to those fines when they purchase a property.

42. The "**TOTAL AMOUNT DUE**" includes $3,029.80 in unpaid assessments by the prior owner even though Crystal Palace's CC&Rs state that the "personal obligation for delinquent assessments or installments thereof will not pass to a Member's successor as Owner of a Lot unless expressly assumed by such successor."

43. Defendants knew or should have known that their communications to Plaintiffs, including the May 14 email, contained false, deceptive, and misleading representations or omissions.

6

44. Plaintiffs are entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as their attorneys' fees and costs incurred pursuing this action.

45. Plaintiffs' damages include statutory damages, the attorneys' fees and costs that they incurred, their actual damages for the stress, aggravation and anxiety they have suffered, and other damages to which they are entitled by law.

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

(A) Awarding Plaintiffs actual damages in an amount proven at trial;

(B) Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. § 1692k(2)(A);

(C) Awarding Plaintiffs their attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(3);

(D) Awarding Plaintiffs pre-judgment and post-judgment interest; and

(E) Awarding such other and further relief as the Court deems just and proper.

DATED this 11th day of July 2022.

                                DESSAULES LAW GROUP

                                By:  /s/ Jonathan A. Dessaules
                                       Jonathan A. Dessaules
                                       *Attorney for Plaintiffs*